```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


THOMAS CLARY,                     :
                                  :   Civil Action No. 07-5967 (JBS)
               Petitioner,        :
                                  :
          v.                      :   OPINION
                                  :
STATE OF NEW JERSEY,              :
                                  :
               Respondent.        :
```

**APPEARANCES:**

    THOMAS CLARY, Petitioner pro se
    # 196932
    Camden County Correctional Facility
    330 Federal Street
    Camden, New Jersey 08103

**SIMANDLE**, District Judge

This matter is before the Court on petitioner Thomas Clary's petition for habeas corpus relief under 28 U.S.C. § 2241(c)(3). For the reasons set forth below, the petition will be dismissed without prejudice.

## I.  BACKGROUND

According to the allegations contained in the petition, petitioner, Thomas Clary ("Clary"), is presently confined at the Camden County Correctional Facility in Camden, New Jersey, awaiting adjudication of state criminal charges against him. (Petition at ¶¶ 1, 2, 3, 7 and 9).  Clary has been charged with possession of a firearm, eluding, aggravated assault, and fleeing from a stolen motor vehicle.  (Petition at ¶ 5).  He admits that there has been no judgment of conviction or sentence imposed, and

that he has been detained for two months awaiting trial. (Petition at ¶¶ 1-3).

Clary alleges that he has been denied his right to a speedy trial, and that he has not been given an opportunity to be heard in violation of his right to due process. He claims that he has filed motions and other demands in state court to no avail. Clary also states that his first appearance was involuntarily waived by the state court, in violation of New Jersey state law. In addition to his claims of U.S. and state constitutional violations, Clary also asserts that his incarceration violates international law under the "International Covenant on Civil & Political Rights," the "Convention Against Torture," the "International Convention on the Elimination of All Forms of Racial Discrimination," and the "Universal Declaration of Human Rights." (Petition, ¶ 13, Ground C). Clary further states that the state allegations are "against the 'strawman' Thomas Clary" and not the human Thomas Clary. (Id.).

In his memorandum of law, Clary alleges ineffective assistance of counsel, a denial of his right to a probable cause hearing with respect to his warrantless search and seizure, and violations of the Uniform Commercial Code. It appears from the petition that Clary is asking to be released from jail and to have his state court charges dismissed.

## II. ANALYSIS

A. Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Clary brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B. Jurisdiction

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding

lies under 28 U.S.C. § 2241(c)(3).  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975).  To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody," and (2) the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Although Clary may be sufficiently "in custody" at this time to attack the New Jersey charges against him, it is clear that habeas relief is not warranted.  In other words, while Clary may meet the status requirement, he cannot sustain the substance requirement that would entitle him to habeas relief under § 2241(c)(3).

C.  Exhaustion Analysis

    Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism."  Moore v. DeYoung, 515 F.2d at 442.  Nevertheless, while this Court has jurisdiction under § 2241 to entertain a pretrial habeas petition, relief is not warranted where "federal

habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to state criminal charges prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex Parte Royall, 117 U.S. 241, 253 (1886)).

In Moore v. DeYoung, supra, a New Jersey pretrial detainee filed a habeas petition in this federal district court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings, similar to Clary's petition in the instant case. The district court granted pretrial habeas relief, however, the United States Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts, and the alleged denial of a speedy trial is not an extraordinary circumstance warranting pretrial habeas relief. Moore, 515 F.2d at 447. As to exhaustion, the Court of Appeals found that:

> Moore did not exhaust his state court remedies prior to application for federal habeas corpus relief. This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review. Indeed, the trial court expressly recognized that additional evidence as to prejudice on the issue of delay could be adduced at trial.

Id. at 445.

The Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an

5

extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense, finding that

> From the premise that he has a right not to stand trial, Moore proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum (if not a state forum, then a federal forum) to test the merits of his constitutional claim.  Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial. ...
>
> We are not prepared to hold that either the chronology of events leading to this prosecution or the alleged denial of Moore's right to a speedy trial, constitutes such "extraordinary circumstances" as to require federal intervention prior to exhaustion of state court remedies.  We perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance."  We know of no authority, either pre- or post-Braden, supra, that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement.  To the contrary, the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts.

Id. at 446.

The Court of Appeals accordingly reversed the order granting pretrial relief to Moore.  "Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition." Id. at 447.

Here, Clary argues that the State of New Jersey has violated his Speedy Trial rights under the United States Constitution by

failing to bring him to trial in a timely manner, as well as his right to due process under the Fourteenth Amendment.[1]  The Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ..."  U.S. Const. amend. VI.  However, the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."  United States v. MacDonald, 435 U.S. 850, 861 (1978).

This Court need not determine whether the State of New Jersey violated the Fourteenth Amendment or the Sixth Amendment Speedy Trial Clause because Clary has not exhausted these or any of the other claims asserted in the petition before the New Jersey courts.  Clary has the opportunity to raise these arguments in his state court proceedings, and to the extent he is convicted and sentenced, he may raise these claims on direct review before the New Jersey Appellate Division or New Jersey Supreme Court.  As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be,

---

[1]  Clary's claims of treaty violations are inapplicable to him because he is not an alien or non-citizen of the United States.

> to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

Therefore, because Clary has failed to exhaust his speedy trial and due process claims before the New Jersey state courts, habeas relief is not warranted under § 2241 on these grounds, and the petition will be dismissed without prejudice.[2]

---

[2] To the extent that Clary is a convicted prisoner, his claims would be construed as an attack on his state court conviction, which is actionable under 28 U.S.C. § 2254.  Section 2254 habeas petitions require exhaustion of state court remedies before proceeding in federal court.  Here, it is apparent from the face of the petition, and petitioner's admission, that he has not been sentenced and that he has not filed any direct appeal or other motions in state court asserting the claims presented in this federal habeas petition.  Indeed, his judgment of conviction is not yet final for habeas review.  Moreover, Clary has not demonstrated that there is an absence of available state corrective processes before proceeding in this federal court. See 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001).  Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the

III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.[3] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

---

subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

[3]  Although Clary's petition is characterized as a habeas petition under 28 U.S.C. § 2241(c)(3), a certificate of appealability is still required because the final order in this habeas proceeding denies relief from a "detention complained of aris[ing] out of process issued by a State Court."  28 U.S.C. § 2253(c)(1)(A).

9

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

### IV.   CONCLUSION

For the foregoing reasons, this Court finds that Clary has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss this habeas petition without prejudice.

No certificate of appealability will issue, insofar as Bey has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge
DATED: **December 20, 2007**